FILED
7/23/2015 2:57:24 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

DARYOUSH TOOFANIAN, ESQ.
BAR NO. 24039801
RAD LAW FIRM
12900 PRESTON RD., SUITE 900
DALLAS, TEXAS 75230
PH: 972-661-1111
FAX: 972-661-3537
DTOOFANIAN@RADLAWFIRM.COM

CAUSE NO. CC-15-03739-E

| | | |
|---|---|---|
| RENEE SMITH, PLAINTIFF, | § § § | IN THE COUNTY COURT |
| V. | § § § | AT LAW NO. _____ |
| BRAUM'S, INC. AND BRAUM'S ICE CREAM STORE INC. #159, DEFENDANTS. | § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RENEE SMITH, Plaintiff, complaining of and against BRAUM'S, INC. and BRAUM'S ICE CREAM STORE INC., #159, Defendants, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01 Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level 2.

1.02 Plaintiff seeks damages in excess of one million dollars.

### II. PARTIES, JURISDICTION, AND VENUE

2.01 Plaintiff is an individual residing in Texas.

2.02 Defendant, Braum's, Inc. operates the retail establishment known as "Braum's" in Texas. Braum's, Inc. is an Oklahoma entity that can be served with process through its registered agent, CT Corporation System at 1999 Bryan St, Suite 900, Dallas, Texas 75201.

PLAINTIFF'S ORIGINAL PETITION  PAGE 1 OF 5

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

2.03   Defendant, Braum's Ice Cream Store Inc. #159 owns the retail establishment known as "Braum's" in Texas. Braum's Ice Cream Store Inc. #159 maintains its principle place of business in Addison, Texas and can be served with process through its registered agent, CT Corporation System at 1999 Bryan St, Suite 900, Dallas, Texas 75201.

2.04   This Court has jurisdiction and venue over the parties to and subject matter of this claim because the amount in controversy is within the jurisdictional limits of this Court, the Defendant, Braum's Ice Cream Store Inc. #159 resides in Dallas County, Texas, and Dallas County, Texas is the most just and convenient forum for the parties and the witnesses.

### III. STATEMENT OF FACTS

3.01   At all material times hereto, Defendants owned, operated, and controlled a retail store in Sulphur Springs, Texas (at 1331 Mockinbird) which did business as "Braum's."

3.02   At the time of the occurrence in question, Defendants had a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent and patent defects, and to make safe any defects or give an adequate warning of any dangers.

3.03   On or about September 5, 2013, Plaintiff tripped on an uneven part of the sidewalk abutting the store and was seriously and permanently injured.

### IV. CAUSE OF ACTION FOR PREMISES LIABILITY

4.01   At all times material hereto, Defendants allowed to exist an unreasonable risk of harm on its premises of which it knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition. As a proximate result of Defendant's negligence, Plaintiff suffered the serious personal injuries complained of herein.



PLAINTIFF'S ORIGINAL PETITION               PAGE 2 OF 5

## V. NEGLIGENCE

5.01 Because Plaintiff was a pedestrian at the time of injury, Defendants owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.02 Defendant's conduct constituted a breach of the duty of ordinary care owed to Plaintiff. Defendants knew or should have known that the condition on its premises caused by their failure to fix the sidewalk created an unreasonable risk of harm to pedestrians. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn pedestrians regarding unreasonable risk of harm to pedestrians. Specifically, Defendants breached their duty in one or more of the following ways

      a.    Failing to inspect the premises on a regular basis;

      b.    Failing to correct or warn of the dangerous conditions created by failure to repair the sidewalk;

      c.    Failing to place signs warning pedestrians;

      d.    Failing to provide adequate instructions to pedestrians to avoid injury;

      e.    Failing to exercise reasonable care in establishing and maintaining a premise free of recognized hazards;

      f.    Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and

      g.    Failing to supervise its agents, servants, and employees to ensure the safety of pedestrians.

5.03 Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

PLAINTIFF'S ORIGINAL PETITION            PAGE 3 OF 5

## VI. FAILURE TO REPAIR/ NEGLIGENCE PER SE

6.01 Defendant's acts and omissions constitute negligence per se regarding the maintenance of sidewalks.

## VII. DAMAGES

7.01 As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages and requests:

  a. Physical pain in the past and future;
  b. Mental anguish in the past and future;
  c. Lost earnings in the past and future;
  d. Damage to earning capacity;
  e. Physical impairment in the past and future; and
  f. Medical expenses in the past and future.
  g. Defendants operated and maintained the premises in a manner that was an extreme risk to its occupants and the general public. Such conduct, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff. Therefore Plaintiff is entitled to punitive damages under Chapter 41 of the Texas Civil Practice & Remedies Code.
  h. An order directing the Defendant to take reasonable action to repair or remedy the condition which caused Plaintiff's fall;

## VII. REQUESTS FOR DISCLOSURE

8.01 Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that you disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a) - (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that Defendants be cited to appear and answer, and that on final trial they have judgment against Defendant, jointly and severally, in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

postjudgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

                        Respectfully submitted,
                        **RAD LAW FIRM, P.C.**

BY: /s/ Daryoush Toofanian
     DARYOUSH TOOFANIAN
     State Bar No. 24039801
     12900 Preston Road, Suite 900
     Dallas, Texas 75230
     Main Phone (972) 661-1111
     Direct Fax (972) 354-5655
     E-serve efileDT@radlawfirm.com
     Email dtoofanian@radlawfirm.com
     **ATTORNEY FOR PLAINTIFF**

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE