# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RENEE SMITH | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-587 |
| | § | Judge Mazzant |
| BRAUM'S, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Braum's, Inc.'s Motion for Summary Judgment (Dkt. #19). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

The above-referenced case arises from alleged injuries Plaintiff Rene Smith ("Plaintiff" or "Smith") sustained when she tripped and fell on the sidewalk outside Defendant Braum's, Inc.'s ("Defendant" or "Braum's") store located at 1331 Mockingbird Lane, Sulphur Springs, Texas (the "Premises") on September 5, 2013 (Dkt. #19 at p. 1).

On July 23, 2015, Plaintiff filed her Original Petition in the County Court of Law No. 5 in Dallas County, Texas, in which she the following claims: (1) premises liability; (2) negligence; and (3) negligence per se (Dkt. #8). On August 24, 2015, Defendant removed the case to the Northern District of Texas based upon diversity jurisdiction (Dkt. #1). On August 27, 2015, the case was transferred to the Eastern District of Texas (Dkt. #4).

On February 26, 2016, Defendant filed its Motion for Summary Judgment (Dkt. #19). On March 15, 2016, Plaintiff filed her response (Dkt. #21). On March 17, 2016, Defendant filed its reply (Dkt. #22).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts

nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

In the present case, Defendant moves for summary judgment on the following claims: (1) premises liability; (2) negligence; and (3) gross negligence[1]. Specifically, Defendant asserts that Defendant had no duty to protect or warn Plaintiff because the condition that allegedly caused Plaintiff to trip and fall was open and obvious and could have been avoided by taking a safer alternative (Dkt. #19 at pp. 5-6). Plaintiff asserts that a question of fact remains as to whether the condition was open and obvious (Dkt. #21 at p. 5).

Texas substantive law governs this dispute, since the case is pending before the Court under its diversity jurisdiction. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013). "The Texas Supreme Court has consistently recognized…that negligent activity claims and premises liability claims involve two independent theories of recovery that fall within the scope of negligence." *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012); *see Gen. Elec. Co. v. Mortiz*, 257 S.W.3d 211, 214-15 (Tex. 2008); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *see also Mayer v. Willowbrook Plaza Ltd. P'ship*,

---

[1] As a preliminary matter, both parties address a claim of gross negligence (Dkt. #19 at pp. 8-9; Dkt. #21 at pp. 7-8). However, upon the Court's review of Plaintiff's Original Petition, which appears to be the live complaint in this action, Plaintiff has not pleaded a cause of action under gross negligence. However, this does not matter as the Court finds that there has been no credible evidence presented demonstrating that a cause of action under gross negligence would survive summary judgment.

3

278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920 (Tex. App.—Texarkana 2010, no pet.). To pursue relief for an injury under negligent activity law, an injury must flow from ongoing, contemporaneous activity rather than a condition created by that activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). An injury is the contemporaneous result of a negligent activity where the evidence shows that the activity occurred near both the time and location of the injury. *Kroger Co. v. Persley*, 261 S.W.3d 316, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.). On the other hand, a cause of action rooted in premises liability arises from property conditions that make it unsafe. *In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77 (Tex. 2007). "If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability." *Garcia*, 896 F. Supp. 2d at 579 (citing *Lucas v. Titus Cty. Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied)).

In the present case, Plaintiff was injured by a condition created by an activity, not the Defendant's activity itself. The Texas Supreme Court's previous decisions demonstrate that Plaintiff can only recover under a premises liability theory. In *Keetch*, the plaintiff fell thirty minutes after a Kroger employee had sprayed chemicals on plants. 845 S.W.2d at 264. The court noted that "[a]t some point, almost every artificial condition can be said to have been created by an activity," and that the plaintiff "was not injured by the activity of spraying," but "by a condition created by the spraying." *Id.* Likewise, in the present case, Plaintiff was injured by the condition created by the broken sidewalk. Therefore, Plaintiff may only recover under a premises liability claim, and the Court will grant Defendant's motion for summary judgment as to Plaintiff's negligence claim.

The elements for a cause of action for premises liability include: (1) the existence of a condition on the premises creating an unreasonable risk of harm; (2) that the premises owners/occupiers knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of Plaintiff's injuries. *Keetch*, 845 S.W.2d at 264. Defendant contends that Plaintiff's claim fails because "Defendant had no duty to protect or warn the Plaintiff because the condition complained of was open and obvious to Plaintiff and Plaintiff could have avoided the condition by taking a safer alternative." (Dkt. #19 at pp. 5-6).

In a premises liability case, "the scope of the duty turns on the plaintiff's status." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). In the present case, Smith was an invitee[2], and generally, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Id.* (citing *Urena*, 162 S.W.3d at 550; *see Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)).

However "[a] landowner 'is not an insurer of [a] visitor's safety." *Austin*, 465 S.W.3d at 203 (quoting *Del Lago Partners*, 307 S.W.3d at 769). "Instead, a landowner's premises-liability duties, like its negligence duties, are limited to a duty to exercise ordinary, reasonable care." *Id.* at 203-04 (citing *Kroger Co. v. Elwood*, 197 S.W.3d 793-94 (Tex. 2006)).

---

[2] The parties do not dispute Plaintiff's status as an invitee. An invitee is "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) (quoting *Motel 6, G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (quoting *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975))). In this case, Smith, who was visiting Braum's store in order to buy groceries, would be considered an invitee.

The Texas Supreme Court "has repeatedly described a landowner's duty as a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin*, 465 S.W.3d at 203; *see, e.g.,, Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 412 (Tex. 2009); *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 794 (Tex. 2008); *Gen. Elec. Co. v. Mortiz*, 257 S.W.3d 211, 216 (Tex. 2008); *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004). "Ordinarily, the landowner need not do both, and can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains." *Austin*, 465 S.W.3d at 203; *see State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (holding that landowner "had a duty to warn or make safe, but not both."); *see also TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009) (observing that defendant could have satisfied its duty by either repairing pothole or providing adequate warning sign). The Texas Supreme Court has stated that this general rule is consistent with "the reasons for imposing a duty on landowners[,]" as "[t]he landowner is typically position than the invitee to be aware of hidden hazards on the premises[.]" *Austin*, 465 S.W.3d at 203.

However,

[w]hen the condition is open and obvious or known to the invitee…the landowner is not in a better position to discover [the condition]. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Id.* Therefore, the Texas Supreme Court has noted that it "has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee." *Id.*; *see, e.g., Escoto*, 288 S.W.3d at

412; *Goss*, 262 S.W.3d at 794; *Moritz*, 257 S.W.3d at 216; *Islas*, 228 S.W.3d at 651; *Khan*, 138 S.W.3d at 295.

After reviewing the relevant pleadings, the Court finds that Defendant has not met its burden in demonstrating that no material issue exists for judgment as a matter of law. Defendant asserts that Plaintiff testified that the condition that she tripped over, in this case the broken sidewalk, was open and obvious (Dkt. #19 at pp. 6-7).[3] During her deposition, Plaintiff testified to the following:

> Q. Okay. And on September 5th of 2013 when you were walking out of the Braum's store, you said that you had groceries in either hand, correct?
> A. Yes.
> Q. Was there anything blocking your view of the – of the sidewalk when you walked out of the Braum's store?
> A. No.
> Q. Was there anybody in front of you?
> A. I don't recall.

(Dkt. #19, Exhibit C at 57:1-9). Plaintiff also testified to the following:

> Q. And I understand that you were looking up and looking forward, but was there anything blocking your view of the area where you fell?
> A. No.
>
> […]
>
> Q. You can look at your attorney, but this is a question that I need you to answer. If you look at that sidewalk, there's nothing blocking what that sidewalk looked like on September 5th, 2013, is there?
> A. No.

(Dkt. #19, Exhibit C at 59:14-17; 60:19-23). However, Plaintiff also testified that:

> Q: Okay. What happened next? Just explain to us, walk through what happened that day.

---

[3] In her response, Plaintiff objects to a line of questioning contained within her deposition transcript, as she alleges defense counsel's question calls for speculation (*See* Dkt. #19, Exhibit C at 61:12-16). The Court finds that Plaintiff's objection should be sustained. The Court will not consider the question or answer when making its determination on the present motion.

> A: I was walking out to my car with the two bags, one in each hand, the big sacks. And it – it was a – it's a downhill slope, you know, kind of to get to the – I was parked in the second-to-the-last spot.
> So as I'm walking, all of a sudden I feel myself falling. I have no idea what's happened, but there's a light pole right here, and I can see it coming. So I twisted to get away from it, and you're already on a downhill momentum, just kept going and took a pretty bad fall. (Witness indicates.)

(Dkt. #21, Exhibit A at 15:11-22). The Court finds that a question of fact remains in the case; and therefore, Defendant's motion for summary judgment as to Plaintiff's premises liability claim is denied. The premises liability claim will proceed to trial.

Therefore, the Court finds that Defendant's motion for summary judgment should be granted in part and denied in part. Plaintiff's premises liability and negligence per se[4] claims will proceed to trial. Plaintiff's negligence claim is dismissed with prejudice. Plaintiff has not pleaded a gross negligence claim, and thus, the Court find that it is not a part of the present action.

## CONCLUSION

It is therefore **ORDERED** that Defendant Braum's, Inc.'s Motion for Summary Judgment (Dkt. #19) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff's negligence claim is dismissed with prejudice. Plaintiff's premises liability and negligence per se claims will proceed to trial.

---

[4] Although Defendant assert that its motion for summary judgment pertains to all of Plaintiff's claim, Defendant only addresses Plaintiff's negligence and premises liability claims and gross negligence, which was never pleaded by Plaintiff. Additionally, upon the Court's review of Plaintiff's Original Petition, it appears that Plaintiff may be asserting that Defendant breached a statute or ordinance regarding the maintenance of the sidewalk (*See* Dkt. #8 at ¶ 6.01). As Defendant did not address the negligence per se claim, the claim will proceed to trial and the Court can address any issues regarding the negligence per se at that time.

8

**SIGNED this 10th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE